UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BATAL AKHIEIADOV,

Petitioner,

v.

Warden of the Otay Mesa Detention Facility, Current or Acting Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; Current or Acting Director, United States Immigration and Customs Enforcement; Current or Acting Secretary, United States Department of Homeland Security; and Current or Acting United States Attorney General,

Respondents.

Case No.: 3:26-cv-05969-JES-BJW

**ORDER DISMISSING PETITION AS DUPLICATIVE AND CLOSING CASE**

**[ECF No. 1]**

Petitioner Batal Akhieiadov's ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Upon review, the Court notes that Petitioner has filed two prior Section 2241 Petitions in case Nos. 3:26-cv-02084-JES-BJW and 3:26-cv-03200-JES-MMP.

In Case No. 3:26-cv-02084-JES-BJW, the Court found Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Akhieiadov v. LaRose*, No. 3:26-cv-02084-

JES-BJW, ECF No. 7. The Government complied with the Court's order and provided Petitioner with an individualized bond hearing on May 11, 2026. *Id.*, ECF No. 9. At the hearing, the immigration judge denied Petitioner bond. *Id.* Petitioner reserved appeal and had until June 10, 2026, to appeal the bond denial. *Id.*

Next, in Case No. 3:26-cv-03200-JES-MMP, Petitioner again sought to challenge his immigration custody. *See Akhieiadov v. LaRose*, No. 3:26-cv-03200-JES-BJW, ECF No. 1. On June 2, 2026, the Court found that the petition was repetitive and duplicative of the prior filing and summarily dismissed without prejudice. *Id.*, ECF No. 6.

The instant Petition seeks anew to contest Petitioner's immigration custody. ECF No. 1. Petitioner reiterates the background concerning his entry into the United States on March 26, 2023, and his detention beginning on February 12, 2026. *Id*. Petitioner adds that, while detained, he underwent a two-part "trial" on August 21 and September 18, 2026, and appealed those proceedings on October 8, 2026. *Id*. at 5–6. Although Petitioner received an individualized bond hearing in May 2026, at which the immigration judge denied bond, he asks the Court to review his detention because it allegedly "exceeds the entire lawful period of stay" in a detention center. *Id*. at 6.

The Court finds that the Petition provides no new information or grounds for relief that were not raised in prior petitions. A habeas petition is subject to summary dismissal when it is repetitive or duplicative. *See, e.g.*, *Salas v. Att'y Gen.*, No. 2:23-cv-01118-TL-TLF, 2023 WL 5826738, at *2 (W.D. Wash. Aug. 21, 2023). Therefore, the Court **DISMISSES WITHOUT PREJUDICE** the Petition. ECF No. 1.

The Clerk of Court shall enter a judgment dismissing this action without prejudice and shall close the case file.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Honorable James E. Simmons Jr.
United States District Judge